# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN FAUSTINO, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>CENTRAL SDHC FHA LLC,<br><br>　　　　　　　　Defendant. | Case No. 16-cv-2326-BAS-AGS<br><br>**ORDER GRANTING MOTION FOR CONFIRMATION OF COMPROMISE SETTLEMENT**<br><br>**[ECF No. 64]** |

Pending before the Court is an unopposed *ex parte* motion to confirm the settlement entered into on behalf of the four minor plaintiffs in this action, G.H., W.F., A.H. and A.H (the "Minor Plaintiffs"). (ECF No. 64.) The Minor Plaintiffs are represented by Plaintiff Erin Faustino, as their Guardian. Because the settlement involves minor plaintiffs, Plaintiffs request that the Court approve the settlement as to these Plaintiffs. For the reasons herein, the Court approves the settlement.

## I. RELEVANT BACKGROUND

The Minor Plaintiffs, along with Plaintiff Faustino, asserted claims against Defendant based on the Fair Housing Act ("FHA"), the California Fair Employment and Housing Act ("FEHA"), negligence, and the California Unfair Competition Law, CAL. BUS. PROF. CODE §17200, *et seq*. (ECF No. 1.) Plaintiffs alleged that Defendant enforced rules at its apartment complex which unfairly targeted children

and discriminated against families with children. They also alleged that Defendant's rules prevented children from playing in the common areas. Pursuant to stipulation by Plaintiffs, the state law claims were dismissed from the case with only the FHA claims remaining and set for trial. (ECF Nos. 29; 41.) After the Court's denial of Defendant's motion for summary judgment, the parties entered into a confidential full settlement of the case. (ECF No. 63.) Pursuant to the proposed settlement, each Minor Plaintiff will receive $3,000 for his or her compromise. (ECF No. 64 at 3.)

## II. ANALYSIS

District courts have a special duty derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." FED. R. CIV. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem"). The scope of a district court's review concerns "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases . . . without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiff's counsel . . ." *Robidoux v. Rosengren*, 638 F.3d 1177, 1182 (9th Cir. 2011).

Plaintiff/Guardian Faustino believes that the settlement is reasonable. (*Id.*; ECF No. 64-1 ¶5.) Having considered the settlement amounts approved in similar

cases and the facts in this case, the Court agrees that the settlement is reasonable and fair to the Minor Plaintiffs. For example, in another case in this District, the court approved a settlement of FHA, FEHA, negligence and Unruh Act claims with a settlement amount of $750 for each minor plaintiff based on alleged discriminatory rules at a timeshare resort by the defendants. *See Angstman v. Carlsbad*, No. 11cv62 L(WMc), 2011 U.S. Dist. LEXIS 156962 (S.D. Cal. Aug. 30, 2011). Another case to which Plaintiffs have directed the Court resulted in approval of a settlement with $2,500 being provided to minor children for settlement of claims that the children were prohibited from using common areas at an apartment complex. *See Maria Gonzalez et al. v. Diversified Real Property Management*, No. 09-cv-00718-PA-RNB, 2010 WL 10105756 (C.D. Cal., Mar. 29, 2010). The Court has located an additional case in which minor plaintiffs received settlement amounts of $3,500 based on similar allegations. *See Guerra v. Madera Mgmt. Co.*, No. 11-cv-1488-LJO-BAM, 2012 WL 4091994 (E.D. Cal. Sept. 17, 2012). The proposed settlement amount for each Minor Plaintiff here is well within the range of settlement amounts approved for similar claims in factually similar cases. Accordingly, the Court approves the settlement.

## III.  CONCLUSION & ORDER

Based on the foregoing, the Court **HEREBY ORDERS** that:

1. The motion to approve the minors' compromises is **GRANTED**. (ECF No. 64.) The Minor Plaintiffs shall receive the following:

   a. $3,000 to G.H.
   b. $3,000 to W.F.
   c. $3,000 to A.H.
   d. $3,000 to A.H.

2. Within 72 hours of receipt of check payable to the order of Erin Faustino, as General Guardian for the Minor Plaintiffs, Plaintiff Faustino shall deposit the check for the minor children into a blocked account a federally insured

bank or credit union. The blocked account in this matter is to be opened solely for the benefit of the Minor Plaintiffs in this case and such funds placed therein cannot be accessed by anybody other than the respective Minor Plaintiffs as herein discussed. Plaintiff/Guardian Faustino shall have no right to access any of the funds in such blocked account for any reason.

3. Plaintiff/Guardian Faustino must deliver to each depository at the time of deposit a copy of this order.

4. No withdrawals of principal or interest may be made from the blocked accounts without a written order under this case name and number, signed by a judge, and bearing the seal of this court, until the respective minors attain the age of 18 years. When the respective minor attains the age of 18 years, the depository, without further order of this court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this order. The money on deposit is not subject to escheat.

5. Plaintiff/Guardian Faustino is authorized and directed to execute any and all documents reasonably necessary to carry out the terms of the settlement.

6. Bond is waived.

7. In light of the settlement of this case, the Court **TERMINATES AS MOOT** the parties' pending motions in limine. (ECF Nos. 34 and 44.)

8. Pursuant to the parties' notice of settlement (ECF No. 63), the parties are directed to file a stipulation for dismissal of the case as soon as practicable.

**IT IS SO ORDERED.**

DATED: March 27, 2018

Hon. Cynthia Bashant
United States District Judge